## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PATRICE PITTS, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 14-cv-1319 (TSC) |
| v. | ) | |
| | ) | Jury Trial Demanded |
| THE DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT OF THE PARTIES' PLANNING MEETING

Pursuant to the Court's order of April 5, 2016, Federal Rule of Civil Procedure 26(f), and Rule 16.3(a) of the Local Civil Rules, counsel for the parties in the above-captioned action convened a planning meeting via telephone conference with respect to the matters required to be discussed by the foregoing authorities.  The parties jointly submit this report setting forth their positions on the matters discussed.

**Statement of the case:**  This is a civil rights action arising under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.  On the evening of March 26, 2013, Metropolitan Police Department officers executed a search warrant at Plaintiffs Patrice and Michael Pitts's home.  The warrant application was prepared by Defendant Mark Pugh. Plaintiffs filed an Amended Complaint on May 24, 2015 alleging that Defendant MPD officers violated their constitutional rights by obtaining the search warrant and executing it in an unconstitutional manner.  Plaintiffs also alleged that false statements in the search warrant was the result of a policy, pattern, and custom of the Metropolitan Police Department.  Defendants moved to dismiss all of Plaintiffs' claims.  On March 31, 2016, this Court denied in part and granted in part the Motion to Dismiss. The Court held that the following claims would go

forward: (i) the portion of Count I alleging that the warrant application was so lacking in probable cause that Defendant Mark Pugh could not have relied on it in good faith; (ii) the portion of Count II alleging that Defendant Mark Pugh made knowingly and recklessly false statements and material omissions in the warrant application; (iii) Count IV, alleging that the false statements and omissions in the warrant application were the result of the MPD's failure to properly train and supervise its officers, and Count V, alleging that Defendant Officers failed to knock and announce their presence before entering Plaintiffs' home; and (vi) the Fourth Amendment claims in Count VII concerning the anal cavity search of Michael Pitts and the search for drugs.  The basis for all remaining causes of action is the Fourth Amendment to the United States Constitution.

**Report of Planning Meeting:**

1.   **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Plaintiffs believe that this case is not likely to be resolved by any dispositive motion.

Defendants believe that this case is likely to be resolved by summary judgment.

2.   **The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

The Parties request a deadline of June 13, 2016 for joining parties and amending the pleadings.

3.   **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Parties do not consent to assigning the case to a magistrate judge for all purposes.

4.   **Whether there is a realistic possibility of settling the case.**

Plaintiffs believe that there is a realistic possibility of settling the case, and are open to

engaging in settlement discussions but believe that appropriate pretrial activities should be undertaken without delay.

Defendants are open to engaging in settlement discussions but believe that appropriate pretrial activities should be undertaken without delay. .

5.     **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The Parties do not believe that Alternative Dispute Resolution would be beneficial at this stage of the litigation. Parties would like to revisit the possibility of ADR after close of discovery.

6.     **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiffs do not believe that this case is likely to be resolved by summary judgment. Plaintiffs propose the following deadlines for the filing of dispositive motions:

A.     Defendants' Motion for Summary Judgment is due January 27, 2017.

B.     Plaintiffs' Response and, if necessary, Combined Cross-Motion is due February 10, 2017.

C.     Defendants Reply and, if necessary, Combined Response is due February 24, 2017.

D.     Plaintiffs' Reply, if necessary, is due March 10, 2017.

E.     Plaintiff proposes a date for decision on the motions of April 14, 2017.

Defendants disagree and believe that this case can be resolved by summary judgment. Defendants believe that parties should schedule summary judgment briefing after the close of discovery.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Parties do not believe that initial disclosures should be waived or modified.  They request that the deadline for serving initial disclosures be June 6, 2016.  All Defendants may serve a single, joint set of initial disclosures.

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions**

Plaintiffs propose a date for completion of discovery of December 23, 2016.  Plaintiffs propose that Parties are each permitted 25 interrogatories and 25 depositions in this matter. Plaintiffs do not believe that a protective order will be needed in this case.  In all other respects, Plaintiffs do not believe modification of the discovery rules is necessary.

Defendants agree with Plaintiffs' discovery proposal.  However, the Defendants are going to file a motion to bifurcate the *Monell* claim (Count IV) from the other claims in this case. The outcome of that motion will likely affect the discovery schedule.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. Rule 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

The parties  do not believe there is a need for modification of the requirements of Rule 26(a)(2).  The parties  request that the deadline for expert reports be September 30, 2016, and the deadline for rebuttal reports be November 18, 2016.

10. **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision**

Not applicable.

**11.      Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation**

Plaintiffs do not believe the trial or discovery in this case should be bifurcated or managed in phases.

Defendants believe that discovery should be bifurcated.   The Defendants also believe a bifurcated trial may also be necessary, but given that this would depend on a number of unknowns, it is premature to discuss trial bifurcation at this juncture.

**12.      The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter**

The Parties propose that the date of pretrial conference be set after the close of discovery.

**13.      Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference**

The Parties propose that a trial date be set at the pretrial conference.

**14.      Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The Parties believe that in the event this case proceeds to trial, deadlines should be established for pretrial statements.   The Parties propose that pretrial statements be due three weeks before the pretrial conference.   The Parties also propose that objections to pretrial statements be due two weeks pretrial conference, and responses to objections be due one week before the pretrial conference.

Respectfully submitted,

*/s/ Katherine Hubbard*
Katherine Hubbard (California Bar No. 302729, admitted to practice under local rule 83.2(g))
Alec Karakatsanis (D.C. Bar No. 999294)
Phil Telfeyan (D.C. Bar No. 1029157)
Equal Justice Under Law
601 Pennsylvania Avenue NW

South Building — Suite 900
Washington, D.C. 20004
(202) 681-2409
khubbard@equaljusticeunderlaw.org
alec@equaljusticeunderlaw.org
ptelfeyan@equaljusticeunderlaw.org
*Attorneys for Plaintiff*

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

JONATHAN H. PITTMAN
Assistant Deputy Attorney General, Civil Litigation
Division

*/s/ Joseph A. González*
JOSEPH A. GONZÁLEZ [995057]
Assistant Attorney General
441-4th Street, N.W., Sixth Floor South
Washington, D.C.  20001-2714
202-724-5692 (direct)
joseph.gonzalez@dc.gov

*/s/ Aaron J. Finkhousen*
AARON J. FINKHOUSEN [1010044]
Assistant Attorney General
Suite 630S
441 Fourth Street, NW
Washington, DC 20001
(202) 724-7334
(202) 730-0493 (fax)
aaron.finkhousen@dc.gov

*Counsel for the District of Columbia*