UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICE PITTS, *et al.*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 1:14-cv-01319 (TSC) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.* | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO BIFURCATE DISCOVERY

Defendants, District of Columbia, Mark Pugh, Leroy Rollins, Sean Hodges, Tony Covington, James Chastanet, Marcus Stevens, Seth Anderson, Sydney Catlett, Kim Togans, James Little, Ursula Tutt, and Kristopher Plumley, through undersigned counsel, move to bifurcate Count IV from the other claims remaining in this case, such that dispositive motions with respect to Counts I, II, V, and VII are decided before the parties open discovery with respect to Count IV.

Plaintiffs have filed a lawsuit in connection with the application and execution of a search warrant on March 26, 2013. At this juncture, there are four claims against the Officer defendants— Counts I, II, V, and VII— each alleging various Fourth Amendment violations. (The Court dismissed Counts III and VI in their entirety on March 31, 2016). Plaintiffs assert a separate claim against the District, Count IV, which alleges that MPD "has established a pattern, policy, and practice of training its officers to include in search warrant applications statements of 'training' and 'experience' that are… materially false and recklessly misleading." (Amended Complaint ¶ 87). Count II alleges that officer Mark Pugh's search warrant application is an example of this alleged practice and thus "Count IV frames the conduct at issue in Count II as

part of a pattern, policy or practice of the MPD." (March 31, 2016 Memorandum Opinion re Motion to Dismiss, ECF No. 26, p. 18).

As set forth below, the Court should bifurcate the *Monell* claim against the District (Count IV) from the claims against the individual defendants, such that dispositive motions with respect to Counts I, II, V, and VII are decided before the parties open discovery with respect to Count IV. This procedure would satisfy the "litigation of one issue may obviate the need to try another issue" standard for bifurcation because if Plaintiff cannot establish that Officer Pugh made knowingly false statements about his training and experience (Count II) then Plaintiffs' *Monell* claim (Count IV) will necessarily fail. Moreover, this procedure would satisfy the "evidence offered on two different issues will be wholly distinct" standard. Discovery related to the claim against Officer Pugh only concerns whether Officer Pugh made knowingly and recklessly false statements in the search warrant. By contrast, discovery related to the corresponding *Monell* claim would concern a different and more vast body of information. Finally, bifurcation is loyal to bedrock principles of judicial economy. The District would need to invest substantial OAG and MPD resources to collect, review, and produce discovery related to Plaintiffs' *Monell* claim. To invest so much effort and resources, when a brief and limited discovery period could determine whether there is even a need for such discovery, is counterintuitive.

The grounds for this motion are more fully set forth in the accompanying memorandum of points and authorities incorporated herein by reference. A proposed order is also attached.

## **LCvR 7(m) CERTIFICATION**

Defense counsel certifies that the parties have discussed the matter and Plaintiffs do not consent to the relief requested herein.

> Respectfully submitted,
>
> KARL A. RACINE
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division
>
> */s/ Jonathan H. Pittman*
> JONATHAN H. PITTMAN [430388]
> Assistant Deputy Attorney General
> Civil Litigation Division
>
> */s/ Joseph González*
> JOSEPH A. GONZÁLEZ [995057]
> Assistant Attorney General
> Suite 630S
> 441 Fourth Street, NW
> Washington, DC 20001
> (202) 724-5692
> joseph.gonzalez@dc.gov
>
> */s/ Aaron J. Finkhousen*
> AARON J. FINKHOUSEN [1010044]
> Assistant Attorney General
> Suite 630S
> 441 Fourth Street, NW
> Washington, DC 20001
> (202) 724-7334
> (202) 730-0493 (fax)
> aaron.finkhousen@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PATRICE PITTS, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 1:14-cv-01319 (TSC) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.* ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DEFENDANTS' MOTION TO BIFURCATE DISCOVERY

Defendants, District of Columbia, Mark Pugh, Leroy Rollins, Sean Hodges, Tony Covington, James Chastanet, Marcus Stevens, Seth Anderson, Sydney Catlett, Kim Togans, James Little, Ursula Tutt, and Kristopher Plumley, through undersigned counsel, move to bifurcate Count IV from the other claims in this case such that dispositive motions with respect to Counts I, II, V, and VII are decided before the parties open discovery with respect to Count IV.

### ARGUMENT

**I.   The Court Should Bifurcate the *Monell* claim Against the District From the Other Claims Against the Individual Defendants.**

In Counts I, II, V, and VII, Plaintiffs allege that the Officer Defendants committed constitutional violations in connection with the application and the execution of a search warrant on March 26, 2013.[1]  Plaintiffs' only other remaining claim, Count IV, names the District as a defendant and alleges that that "MPD has established a pattern, policy, and practice of training

---

[1]   The Court has dismissed Counts III and VI in their entirety.  *See* March 31, 2016 Order, ECF No. 27.

its officers to include in search warrant applications statements of training and experience that are… materially false and recklessly misleading." The Court should bifurcate Count IV from the other claims in this case such that dispositive motions with respect to Counts I, II, V, and VII are decided before the parties open discovery with respect to Count IV. Thus, the case would proceed in two phases. First, with respect to Counts I, II, V, and VII against the individual Defendants the parties would conduct discovery and file dispositive motions. Second, depending on the outcome of the first phase, the District and the Plaintiffs would conduct discovery, file dispositive motions, and if necessary proceed to trial. As set forth below, this bifurcation would conserve resources and prevent unfair prejudice to the individual defendants.

   A.     **Relevant Law**

Bifurcation may be appropriate where "evidence offered on two different issues will be wholly distinct, or where litigation of one issue may obviate the need to try another issue." *Athridge v. Aetna Cas. And Sur. Co.*, 604 F.3d 625, 635 (D.C. Cir. 2010) (quoting *Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d Cir. 1996)) (internal quotation marks omitted). Claims that a municipality has an unconstitutional policy or practice ("*Monell* claim") are inherently predisposed to meet both conditions. Indeed, there is typically minimal evidentiary overlap with the specific constitutional violation alleged and the absence of an underlying constitutional violation necessarily "obviate[s] the need to try" the *Monell* claim. *See Los Angeles v. Heller,* 475 U.S. 796, 799 (1986) (stating that "neither [*Monell*] nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm").

Federal courts throughout the country have found that a *Monell* claim's dependence on an underlying constitutional violation justifies bifurcation; especially in cases involving law

enforcement.  For instance, in *Kozma v. City of Livonia*, No. 14-CV-12268, 2014 WL 3956450, (E.D. Mich. Aug. 13, 2014), the plaintiffs alleged Fourth Amendment violations against the officer defendants as well as a *Monell* claim against the police department.  *Id*. at *1.  The defendants moved to bifurcate discovery, which the court granted over the plaintiffs' objection.  The court reasoned:

> Plaintiffs cannot state a claim against the City if it is established that there was no constitutional violation by the individual officers… Therefore, an initial phase of discovery to establish whether a constitutional violation occurred is a meaningful limitation.  Discovery relating to the City's policies and training is properly limited until it is determined that there was a constitutional violation.

*Id*. at *2.  Similarly, in *Brown v. City of New York*, 2016 WL 616396 (S.D.N.Y. February 16, 2016), the plaintiff alleged various constitutional violations against prison guards and a *Monell* claim against the city.  *Id*. at *1.  The defendants moved to bifurcate discovery, which the court granted over the plaintiffs' objection.  The court subsequently denied the plaintiff's motion for reconsideration, reasoning that discovery on the Monell claim should not proceed until plaintiff had established that the individual defendants had violated the plaintiff's rights:

> …[I]n order to establish liability against municipal defendants in a *Monell* claim, a plaintiff must prove both that he suffered a constitutional violation and that the constitutional harm suffered was a result of a municipal policy or custom… Thus, since there is no finding of *Monell* liability without first finding a constitutional violation, in an effort to promote convenience and economy, courts in this circuit have bifurcated *Monell* claims and stayed their discovery until a plaintiff has succeeded in establishing liability on the part of the individual defendants.

*Id*. at *2.

While *Kozma* and *Brown* focused on the consideration that "litigation of one issue may obviate the need to try another issue," other courts have reasoned that minimal evidentiary overlap justifies *Monell* bifurcation.  *See Jones v. City of Chicago*, No. 98 C 5418, 1999 WL

3

160228, at *3 (N.D. Ill. Mar. 10, 1999) ("We think little chance exists that the evidence against the City on [the plaintiff's] *Monell* claims will overlap with the evidence against the individual officers and, for this reason, we think bifurcation will further the goal of judicial economy and expediency."); *Elrod v. City of Chicago*, No. 06 C 2505, 2007 WL 3241352, at *7 (N.D. Ill. Nov. 1, 2007) (granting motion for bifurcation because "the court is not persuaded that proof of the § 1983 claim against [the officer defendant] and state law claims would include substantially all of the evidence that would need to be presented to prove the *Monell* claims.")

However, not all *Monell* claims involve evidence that is separate from the evidence of the underlying constitutional violation. Courts acknowledge that "[w]hether the *Monell* claims so overlap with the remaining claims as to undermine any efficiencies to be derived from bifurcation of discovery is a decision that must be made on a case-by-case basis." *Id.*; *see, e.g., Rockett v. Renth*, No. 14-CV-687-DRH, 2016 WL 913262, at *4 (S.D. Ill. Mar. 9, 2016) (denying request to bifurcate the *Monell* claim because bifurcation would result in "confusion of issues and discovery"). This case-by-case consideration also involves an assessment of resources. Indeed, "the burdens of *Monell* discovery are [] substantial. The realistic potential to avoid these dual burdens serves the interests of judicial economy and weighs in favor of bifurcation." *Castillo*, 2012 WL 1658350, at *6 (N.D. Ill. May 11, 2012); *see also Horton v. City of Chicago*, No. 13-CV-6865, 2016 WL 316878, at *3 (N.D. Ill. Jan. 26, 2016) (stating that bifurcation may allow "a bypass of discovery relating to the *Monell* claim, which can add significant, and possibly unnecessary, time, effort, cost, and complications to the discovery process").

B.     Analysis

This case is a strong candidate for bifurcation because it satisfies both of the standards for bifurcation.  It satisfies the "litigation of one issue may obviate the need to try another issue" standard because if Plaintiffs cannot establish that Officer Pugh made knowingly false statements about his training and experience (Count II) then Plaintiffs' *Monell* claim (Count IV) will necessarily fail.  *Athridge*, 604 F.3d at 635; *see Kozma*, 2014 WL 3956450 at *2; *Brown v. City of New York*, 2016 WL 616396, at *2.  The Court acknowledged as much in its order regarding the motion to dismiss, as it stated that "Count II's survival ensures that Count IV will survive" since "Count IV frames the conduct at issue in Count II as part of a pattern, policy or practice of the MPD."  (*See* ECF No. 26, p. 18).

In fact, resolution of the underlying claim in this case is even more dispositive of the *Monell* claim than the typical Fourth Amendment claim.  Unlike other cases where the officer defendants can invoke qualified immunity and argue that the right was not clearly established, here it is different.  Either discovery will reveal that Officer Pugh did make "knowingly and recklessly false" statements in his search warrant application, which could be a violation of a clearly established right, or discovery will reveal that he did not.  *See Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1295 (9th Cir. 1999) ("a police officer who recklessly or knowingly includes false material information in… a search warrant affidavit cannot be said to have acted in an objectively reasonable manner, and the shield of qualified immunity is lost.") (citations omitted).  Discovery on this point should be straightforward, as would the summary judgment briefing on this issue.  Because determining Officer Pugh's liability is likely a straightforward determination of whether he made misrepresentations or not, this case is a strong candidate for bifurcation.

This case also satisfies the "evidence offered on two different issues will be wholly distinct" standard. *Athridge*, 604 F.3d at 635. As discussed above, discovery related to the claim against Officer Pugh is narrow— Plaintiffs need only inquire whether Officer Pugh made knowingly and recklessly false statements in the search warrant application. By contrast, discovery related to the corresponding *Monell* claim would concern a different and more vast body of information— Plaintiffs would need to ascertain all of the information regarding MPD's training on search warrants, including training at the academy, continued training, on-the-job training, and apply an expert's opinion to the substance of each training. Moreover, the District would need to collect extensive information regarding the drafting, execution, and success of other search warrants. These latter efforts bear little relation to the underlying claim against Officer Pugh and thus this case satisfies the second bifurcation standard, that the "evidence offered on two different issues will be wholly distinct."

Finally, this tremendous expenditure of resources also implicates the concern that "discovery relating to the *Monell* claim [] can add significant, and possibly unnecessary, time, effort, cost, and complications to the discovery process." *Horton*, 2016 WL 316878, at *3. The District would need to invest substantial OAG and MPD resources to collect, review, and produce this information. To invest so much effort and so many resources, when a limited discovery period could determine whether that substantial investment is necessary, offends basic principles of judicial economy. *See also* Fed. R. Civ. P. 26 (discovery should be "proportional to the needs of the case"). But bifurcating discovery not only benefits the Defendants, it also benefits the Plaintiffs, as "claims of municipal liability require an extensive amount of work on the part of plaintiff's attorneys and experts, and an extraordinary amount of money must be spent in order to prepare and prove them." *Saunders v. City of Chicago*, No. 12-CV-09158, 2015 WL

6

7251938, at *8 (N.D. Ill. Nov. 17, 2015). Thus, the bifurcation of Plaintiffs' *Monell* claim comports with principles of judicial economy.

## CONCLUSION

For the reasons set forth above, the Court should bifurcate discovery on the *Monell* claims against the District from the claims against the individual defendants.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Jonathan H. Pittman*
JONATHAN H. PITTMAN [430388]
Assistant Deputy Attorney General
Civil Litigation Division

*/s/ Joseph González*
JOSEPH A. GONZÁLEZ [995057]
Assistant Attorney General
Suite 630S
441 Fourth Street, NW
Washington, DC 20001
(202) 724-5692
joseph.gonzalez@dc.gov

*/s/ Aaron J. Finkhousen*
AARON J. FINKHOUSEN [1010044]
Assistant Attorney General
Suite 630S
441 Fourth Street, NW
Washington, DC 20001
(202) 724-7334
(202) 730-0493 (fax)
aaron.finkhousen@dc.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PATRICE PITTS, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 1:14-cv-01319 (TSC) |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On consideration of Defendants' Motion to Bifurcate Discovery, any opposition, any reply, and the entire record, it is, hereby, **ORDERED** that the motion is **GRANTED**; it is further **ORDERED** that Plaintiffs' *Monell* claims against the District of Columbia (Count IV) are hereby bifurcated from Plaintiffs' claims against the individual officers; and it is further **ORDERED** that the bifurcated claims are also stayed during the litigation of Plaintiffs' claims against the individual officers.

Judge Tanya S. Chutkan
United States District Court
for the District of Columbia